UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| OMAR W. ROSALES,<br><br>         Plaintiff,<br><br>    - against -<br><br>SARA BRONFMAN-IGTET,<br><br>         Defendant. | No. 1:19-cv-03576-MKB-RLM |

**MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S MOTION FOR CERTIFICATE OF DEFAULT**

Defendant, via a special appearance of counsel only for the limited purpose of opposing Plaintiff's Motion ("**Motion**") for Clerk's Entry of Default and challenging service of process, submits this Opposition to Entry of Certificate of Default.

## ARGUMENT

In his Motion, Plaintiff (a suspended attorney proceeding here *pro se*) fails to provide evidence that he properly served process on the Defendant. To the contrary, Plaintiff filed two affidavits of mailing, a FedEx receipt and tracking sheet, and a purported proof of Service that establish that Plaintiff *never properly served process upon Defendant*.

Plaintiff's entire Motion is based on two mailings, nothing else. The first mailing is evidenced by an affidavit of mailing that states that, on August 6, 2019, a process server "mailed the Summons in a Civil Action, Civil Cover Sheet & Complaint by Certified mail" to the following address in New York: Sara Bronfman-Igtet, 40 Mercer St., Unit 27, New York, NY 10013. Setting aside that mailing in this manner is insufficient for service of process, it is mystifying why Plaintiff would mail it to a New York address when his own Complaint (¶ 2) alleges that "Defendant is currently residing in Provence, France."

The second mailing is evidenced by an affidavit of mailing that states that, also on August 6, 2019, a process server "mailed the Summons in a Civil Action, Civil Cover Sheet & Complaint by FedEx International Priority" to the following address in France: Sara Bronfman-Igtet, Domaine des Andeols, Les Andeols, 8440 Saint-Saturnin-les-Apt., France. Plaintiff attaches a FedEx receipt and tracking sheet that purports to show that this second mailing was delivered to an unknown person at 12:20 pm on August 9, 2019. There is no signed receipt. Plaintiff also filed a "proof of service" on which the process server checked the "other" box and wrote, referring again to this second mailing and providing no additional facts, that "SARA

BRONFMAN-IGTET was served at her place of business on 8/09/2019 in accordance with NY CPLR Section 308."

Plaintiff's entire Motion rests on these two mailings, which are insufficient as a matter of law. Plaintiff simply claims, without argument or support, that "[t]hese methods of service comply with CPLR §308." They do not and, more important, service of process, in particular service of process on a person in a foreign country, is governed Fed. R. Civ. P. 4(f).

Fed. R. Civ. P. 4(f), by its title, governs service on individuals in a foreign country: "Serving and Individual in a Foreign Country." It provides that "an individual . . . may be served at a place not within an judicial district of the United States" via certain permissible methods, as described below, including:

- "[B] any internationally agreed means of services . . . such as authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Fed. R. Civ. P. 4(f)(1). Plaintiff does not argue that his two mailings satisfy the Hague Convention, and they do not.

- "[I]f an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice," including: "as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction," 4(f)(2)(A); "as the foreign authority directs in response to a letter rogatory or letter of request," 4(f)(2)(B); and "unless prohibited by the foreign country's law, by . . . delivering a copy of the summons and of the complaint to the individual personally; or using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt." Again, Plaintiff does not mention any of these requirements, much less argue that they are satisfied by his two personal mailings sent by a process server, which they are not.

Even if CPLR § 308 applied here, and it does not, Plaintiff's two mailings would not satisfy it. Section 308 requires one of the methods described below, none of which Plaintiff satisfied:

- Personal delivery within New York on the defendant. CPLR § 308(1). Plaintiff's two mailings are not personal service in New York, and one was actually mailed to France.

2

- Personal delivery within New York on a "person of suitable age" at either Defendant's "place of business, dwelling place or usual place of abode," along with multiple other mailing requirements. *Id.* § 308(2). Again, Plaintiff's two mailings are not personal service on anyone in New York.

- Personal delivery within the New York on an agent for service. *Id.* §308(3). Plaintiff's two mailings are, again, not personal service, and they were not made on an agent for service.

- Affixing a summons to the door of either the actual place of business, dwelling place or usual place of abode within New York, along with additional mailing requirements. *Id.* § 308(4). Plaintiff's two mailings do not satisfy this requirement in any way.

In short, Plaintiff's attempt to serve process by mail to two addresses does not in any way constitute service of process under the Federal Rules of Civil Procedure, which govern in this Court.

## CONCLUSION

For these reasons, Plaintiff's Motion fails to establish that Plaintiff properly served process on Defendant and, accordingly, the Motion should be rejected.

Dated: New York, New York
September 10, 2019

Respectfully submitted,

COZEN O'CONNOR

By:      *s/ John J. Sullivan*

John J. Sullivan
45 Broadway, 23rd Floor
New York, New York 10006
(212) 509-9400
jsullivan@cozen.com

*Counsel for Defendant
Sara Bronfman-Igtet,
Via Special Appearance only for the
Limited Purposes of this Motion and
Challenging Service of Process*

3